**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANGIE HEATH-YOUNCE,                )<br>                                                         )<br>                           Plaintiff,        )<br>                                                         )<br>vs.                                                    )<br>                                                         )<br>VALLEY ELECTRIC ASSOCIATION, INC.,  )<br>                                                         )<br>                           Defendant.    )<br>_____) | Case No. 2:10-cv-00774-PMP-PAL<br><br>**<u>ORDER</u>** |

   The court conducted a telephonic scheduling and status conference with counsel on July 20, 2010.  Daniel Bunin appeared telephonically on behalf of the Plaintiff, and Kenneth Ching appeared telephonically on behalf of the Defendant.

   Counsel submitted a scheduling report and proposed order requesting special scheduling review (Dkt. #13) July 12, 2010.  An Amended Discovery Plan and Scheduling Order requesting special scheduling review (Dkt. #14) was filed July 14, 2010.  The parties propose a February 18, 2011 discovery cutoff, which is substantially longer than the deadlines deemed presumptively reasonable by Local Rule 26-1(e).  This case was initially filed in state court and removed (Dkt. #1) May 5, 2010.  It involves an employment action and as such the parties anticipate that the matter will be referred to the Early Neutral Evaluation program.  However, a review of the court docket reflects that the case has not been referred to the court's Early Neutral Evaluation program.

   The court canvassed counsel for the parties concerning the nature of this suit, and the discovery each side believes is necessary to prepare this case for trial.  Plaintiff characterizes this lawsuit as a wrongful termination arising out of the a job-related work injury.  Plaintiff filed a worker's compensation claim, and was subsequently terminated.  Plaintiff intends to serve written discovery requests, and to take the deposition of Plaintiff's supervisors and co-workers.  Plaintiff will also need to

get the Plaintiff's claim file. Plaintiff intends to retain an economic expert to calculate Plaintiff's damages. Defense counsel agreed that a modest amount of discovery is required. Defense counsel would also anticipate taking the deposition of Plaintiff's supervisors and co-workers and to serve some written, although not extensive, discovery. Defendant does not anticipate retaining an expert in its case in chief, but may designate a rebuttal economic damages expert. Additionally, defense counsel will want Plaintiff to submit to an independent medical examination.

Counsel for both sides believe an Early Neutral Evaluation may settle this case. The undersigned will therefore refer the matter to the court's Early Neutral Evaluation program and notify the assigned judge that this matter has not previously been assigned to the ENE program. The court appreciates that the parties wish to conserve resources while determining whether this matter can be settled. However, given the modest amount of discovery required, the court will enter a standard Discovery Plan and Scheduling Order, permitting the parties to defer some discovery until the early neutral evaluation session is completed. The court will review any requests for an extension of the Discovery Plan and Scheduling Order deadlines taking into account whether the parties have been diligent in attempting to meet the court-imposed deadlines.

Accordingly,

**IT IS ORDERED** that:

1. The parties Amended Discovery Plan and Scheduling Order (Dkt. #14) is **NOT APPROVED** and is **DENIED**.
2. The following Discovery Plan and Scheduling Order shall apply:
    a. Last date to complete discovery: **November 1, 2010.**
    b. Last date to amend pleadings and add parties: **August 3, 2010.**
    c. Last date to file interim status report: **September 2, 2010.**
    d. Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **September 2, 2010.**
    e. Last date to disclose rebuttal experts: **October 2, 2010.**
    f. Last date to file dispositive motions: **December 1, 2010.**

///

      g.    Last date to file joint pretrial order: **December 31, 2010.** In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

3. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

4. Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend discovery shall be received no later than **4:00 p.m., October 12, 2010,** and shall fully comply with the requirements of LR 26-4.

5. The Clerk of the Court shall refer this case to the Court's Early Neutral Evaluation Program.

Dated this 21st day of July, 2010.

_____
Peggy A. Leen
United States Magistrate Judge